

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

August 31, 1953

Hon. E. H. Thornton, Jr.                    Opinion No. S-92
Chairman
State Highway Commission          Re:   Constitutionality of
Texas Highway Department                 that part of Chapter
Austin, Texas                            324, Acts 53rd Legis-
                                         lature, which increases
                                         weight of farm trailers
                                         exempt from registra-
Dear Mr. Thornton:                       tion.

        You have asked substantially the following question:

        "Is the portion of Senate Bill 291, Acts
53rd Legislature, which increases the gross
weight of farm trailers and farm semi-trailers,
exempt from registration from 4,000 pounds to
12,000 pounds constitutional?"

        The caption of Senate Bill 291, same being Chapter
324, Acts 53rd Legislature, Regular Session, 1953, p. 798,
states in part:

        "An Act to clarify the status of machin-
ery used exclusively for drilling water wells
with respect to registration and permit re-
quirements for transportation over the public
highways, by amending Section 2 of Chapter 88,
General Laws of the 41st Legislature, Second
Called Session, 1929, as amended (codified as
Article 6675a-2 in Vernon's Texas Civil Statutes),
. . . "

        The body of the above mentioned bill states in
part:

        "Sec. 2.  . . . and providing further, that
the exemptions in this section shall not apply
to any farm trailer or farm semi-trailer when
the gross weight exceeds twelve thousand (12,000)
pounds; . . . "  (Emphasis added.)

The above section, prior to this attempted amendment, stated:

> ". . . _when the gross weight exceeds_ 4,000 pounds . . ."

The amendment before us attempts to change the figure 4,000 pounds to 12,000 pounds. The attempt to increase this weight is not expressed in the caption of the bill nor is it germane to the subject which is expressed in the caption.

Section 35, Article III of the Texas Constitution provides in part:

> "No bill . . . shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

Volume 39 of Texas Jurisprudence, Statutes, Section 48, reads as follows:

> "A title that specifies the particular field an amendment is to cover or states a purpose to make a certain change in the prior law, and that is not merely descriptive of the matter to which the law relates, limits the amendatory act to the making of the change designated, and precludes any additional, contrary, or different amendment."

The caption of Senate Bill 291 states the purpose for making the change in the prior law but it does not specify that the provision relating to the gross weight of exempt farm trailers and farm semi-trailers is to be amended.

Therefore, it is our opinion that this portion of the amendment which attempts to increase the gross weight from 4,000 pounds to 12,000 pounds violates Section 35, Article III, Constitution of Texas, and is invalid. And the provision fixing the weight at 4,000 pounds remains in effect.

Hon. E. H. Thornton, Jr., page 3 (S-92)

## SUMMARY

The portion of Chapter 324, Acts
53rd Legislature, R. S., 1953, p. 798,
which attempts to increase the gross
weight of farm trailers and farm semi-
trailers exempt from registration from
4000 pounds to 12000 pounds is not em-
braced in the caption of the Act and
is therefore invalid under Section 35 of
Article III, Constitution of Texas.

APPROVED:

Rudy G. Rice
State Affairs Division

Willis E. Gresham
Reviewer

W. V. Geppert
Reviewer

John Ben Shepperd
Attorney General

SCR/rt

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By *Sam C. Ratliff*
Sam C. Ratliff
Assistant